UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF NICKLES,<br><br>    Plaintiff,<br><br>    v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>    Defendants. | No. 2:08-cv-01155-MCE-KJM<br>Related to:<br>No. 2:08-cv-01036-MCE-KJM<br><br><u>MEMORANDUM AND ORDER</u> |

----oo0oo----

Plaintiff filed this action on May 12, 2008. His case was later ordered related to <u>Redos v. Union Pacific Railroad Company</u>, 2:08-cv-01036-MCE-KJM, and was then consolidated for discovery purposes with <u>Redos</u> and <u>Gomez v. Union Pacific Railroad Company</u>, 2:09-cv-000225-MCE-KJM. Presently before the Court is Plaintiff's Motion for Summary Judgment, which is materially identical to that filed in <u>Redos</u>. For the following reasons, the instant Motion is denied.[1]

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

# BACKGROUND[2]

Plaintiff initiated this action seeking to recover for injuries suffered as a result of the derailment of rail grinding track maintenance equipment. The equipment was owned and operated by Harsco Track Technologies ("Harsco"), a contractor providing services for Union Pacific. Plaintiff Redos supervised the rail grinding equipment and Plaintiff Nickles was its operator.

According to Plaintiff's Statement of Undisputed Facts, Union Pacific contracted with Harsco for rail grinding services. Pursuant to that contract, Union Pacific was to provide qualified personnel to accompany the equipment and to obtain track occupancy time. Additionally, it was Defendant's responsibility to arrange for transportation of Harsco's equipment to and between the locations where grinding was to occur.

Additionally, the Harsco/Union Pacific contract specifically stated that Harsco and its agents and employees were not to be considered employees of Union Pacific. Rather, Harsco was clearly delineated as an independent contractor. Union Pacific retained no control over "employment, discharge, compensation and service" of Harsco employees.

///
///

---

[2] The Court is cognizant that Defendant makes numerous objections to the form of Plaintiff's Separate Statement of Undisputed Facts, as well as to the citations to the record and admissibility of the proffered evidence. However, because the Court finds summary judgment improper on the merits, those objections are overruled without prejudice as moot.

When grinding was to occur, Union Pacific made the decision as to when the Harsco equipment should travel between work sites, all of which travel was conducted on Union Pacific tracks. Additionally, the Harsco equipment was never moved unless an employee of Defendant was on board.  The Union Pacific employee assigned to this equipment made all final decisions regarding track movement, and that employee supervised the operation and administration of the train such that his orders were required to be followed.  Defendant's employee also acted as the communication link with Union Pacific and performed other ministerial duties.

Nevertheless, Defendant proffered additional evidence that the above Union Pacific employee never gave orders to Harsco employees as to the performance of their duties.  Rather, Harsco employees were in control of the grinding equipment, directed its operation, and had the authority to stop the grinding operations.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. See Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992). The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323(quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e).

///

1  The opposing party must demonstrate that the fact in contention
2  is material, i.e., a fact that might affect the outcome of the
3  suit under the governing law, and that the dispute is genuine,
4  i.e., the evidence is such that a reasonable jury could return a
5  verdict for the nonmoving party.  Anderson v. Liberty Lobby,
6  Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169,
7  Assoc. of Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th
8  Cir. 1987).  Stated another way, "before the evidence is left to
9  the jury, there is a preliminary question for the judge, not
10 whether there is literally no evidence, but whether there is any
11 upon which a jury could properly proceed to find a verdict for
12 the party producing it, upon whom the onus of proof is imposed."
13 Anderson, 477 U.S. at 251 (quoting Schuylkill and Dauphin
14 Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)).  As the
15 Supreme Court explained, "[w]hen the moving party has carried its
16 burden under Rule 56(c), its opponent must do more than simply
17 show that there is some metaphysical doubt as to the material
18 facts .... Where the record taken as a whole could not lead a
19 rational trier of fact to find for the nonmoving party, there is
20 no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 586-87.
21      In resolving a summary judgment motion, the evidence of the
22 opposing party is to be believed, and all reasonable inferences
23 that may be drawn from the facts placed before the court must be
24 drawn in favor of the opposing party. Anderson, 477 U.S. at 255.
25 Nevertheless, inferences are not drawn out of the air, and it is
26 the opposing party's obligation to produce a factual predicate
27 from which the inference may be drawn.
28 *///*

5

1  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45
2  (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

Plaintiff moves for summary judgment only as to the issue of whether he, an employee of Harsco, was also a borrowed servant of Union Pacific under the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. ("FELA").  FELA "does not use the terms 'employee' and 'employed' in any special sense, so that the familiar general legal problems as to whose 'employee' or 'servant' a worker is at a given time present themselves as matters of federal law under the Act.  It has been well said of the question that '(e)ach case must be decided on its peculiar facts and ordinarily no one feature of the relationship is determinative."  Baker v. Texas & P. Ry. Co., 359 U.S. 227, 228 (1959) (internal citations omitted). "[T]he question, like that of fault or of causation under the Act, contains factual elements such as to make it one for the jury under appropriate instructions as to the various relevant factors under law.  Only if reasonable men could not reach differing conclusions on the issue may the question be taken from the jury."  Id. (internal citations omitted).

In this case, the issue of borrowed servant status cannot properly be resolved on Plaintiff's Motion.  At the very least, some of Plaintiff's factual contentions are disputed.  Moreover, very different inferences can be drawn from each fact here presented.

Thus, on the facts submitted to the Court by both parties, reasonable men could disagree as to whether Plaintiff was a borrowed servant of Defendant.  Accordingly, the question of whether Plaintiff was a borrowed servant is most properly a question for the trier-of-fact.

## CONCLUSION

For the reasons just stated, Plaintiff's Motion for Summary Judgment (Docket No. 36) is DENIED, and the hearing scheduled at 2:00 p.m. on July 30, 2009, is hereby vacated.

IT IS SO ORDERED.

Dated: July 24, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

7