UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF NICKLES,<br><br>    Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>    Defendants. | No. 2:08-cv-01155-MCE-KJM<br><u>Related to</u>:<br>No. 2:08-cv-01036-MCE-KJM<br><br><u>ORDER</u> |

----oo0oo----

Plaintiff filed this action on May 12, 2008.  It was later ordered related to <u>Redos v. Union Pacific Railroad Company</u>, 2:08-cv-01036-MCE-KJM, and was then consolidated for discovery purposes with <u>Redos</u> and <u>Gomez v. Union Pacific Railroad Company</u>, 2:09-cv-002255-MCE-KJM.  Presently before the Court are Plaintiff's Motion for Summary Judgment, Motion in Limine, and Motion for Judicial Notice which are materially identical to that filed in <u>Redos</u>.  For the following reasons, the instant Motions are denied.

///

1

**BACKGROUND**

Plaintiff initiated this action seeking to recover for injuries suffered as a result of the derailment of rail grinding track maintenance equipment. The equipment was owned and operated by Harsco Track Technologies ("Harsco"), a contractor providing services for Union Pacific. Plaintiff Redos supervised the rail grinding equipment and Plaintiff Nickles was its operator.

According to Plaintiff's Statement of Undisputed Facts, Union Pacific contracted with Harsco for rail grinding services. Plaintiff contends that a unit comprising the grinding equipment was a "locomotive" and further alleges that the various equipment along with the "locomotive" comprised a "train." Plaintiff also avers that the rail grinding equipment ultimately derailed as a result of brake deficiencies and defects.

Based on the above facts, Plaintiff contends that, as a matter of law, Defendant violated the Federal Safety Appliance Act ("FSAA"), 49 U.S.C. § 20302. Defendant also moves to have this Court take judicial notice of the Consumer Price Index and moves to exclude Section 14 of the Harsco/Union Pacific contract. For the following reasons, Plaintiff's Motions are each denied without prejudice.

///
///
///
///
///

**ANALYSIS**

**1.   Plaintiff's Motion for Summary Judgment**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense.  See Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim...may...move...for a summary judgment in the party's favor upon all or any part thereof."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).  The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323(quoting Rule 56(c)).

1    If the moving party meets its initial responsibility, the
2 burden then shifts to the opposing party to establish that a
3 genuine issue as to any material fact actually does exist.
4 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
5 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.
6 253, 288-89 (1968).

7    In attempting to establish the existence of this factual
8 dispute, the opposing party must tender evidence of specific
9 facts in the form of affidavits, and/or admissible discovery
10 material, in support of its contention that the dispute exists.
11 Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that
12 the fact in contention is material, i.e., a fact that might
13 affect the outcome of the suit under the governing law, and that
14 the dispute is genuine, i.e., the evidence is such that a
15 reasonable jury could return a verdict for the nonmoving party.
16 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52
17 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper
18 Workers, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,
19 "before the evidence is left to the jury, there is a preliminary
20 question for the judge, not whether there is literally no
21 evidence, but whether there is any upon which a jury could
22 properly proceed to find a verdict for the party producing it,
23 upon whom the onus of proof is imposed."  Anderson, 477 U.S. at
24 251 (quoting Schuylkill and Dauphin Improvement Co. v. Munson, 81
25 U.S. 442, 448 (1871)).
26 ///
27 ///
28 ///

4

1  As the Supreme Court explained, "[w]hen the moving party has
2  carried its burden under Rule 56(c), its opponent must do more
3  than simply show that there is some metaphysical doubt as to the
4  material facts....Where the record taken as a whole could not
5  lead a rational trier of fact to find for the nonmoving party,
6  there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at
7  586-87.
8      In resolving a summary judgment motion, the evidence of the
9  opposing party is to be believed, and all reasonable inferences
10 that may be drawn from the facts placed before the court must be
11 drawn in favor of the opposing party.  Anderson, 477 U.S. at 255.
12 Nevertheless, inferences are not drawn out of the air, and it is
13 the opposing party's obligation to produce a factual predicate
14 from which the inference may be drawn.  Richards v. Nielsen
15 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
16 aff'd, 810 F.2d 898 (9th Cir. 1987).
17     Plaintiff contends that Defendant violated the FSAA, and
18 that the violation renders Defendant liable under the Federal
19 Employers' Liability Act ("FELA") or, alternatively, for
20 negligence under California common law.  Accordingly, Plaintiff
21 seeks to have this Court conclusively find that one of the units
22 comprising the rail grinding equipment was a "locomotive," that
23 the equipment itself was a "train," and, consequently, that
24 Defendant violated the FSAA by permitting the operation of that
25 grinding equipment, which was allegedly equipped with deficient
26 brakes.  Plaintiff simply has not met its considerable burden of
27 establishing, as a matter of law, that there are no factual
28 disputes as to each of its sought-after findings.

1 Thus, this Court is precluded from granting summary judgment, or
2 more aptly summary adjudication, in Plaintiff's favor, and
3 Plaintiff's Motion is denied without prejudice.

5      **2.    Plaintiff's Motion in Limine**

7     A motion in limine is "[a] pretrial request that certain
8 inadmissible evidence not be referred to or offered at trial.
9 Typically, a party makes this motion when it believes that mere
10 mention of the evidence during trial would be highly prejudicial
11 and could not be remedied by an instruction to disregard."
12 Black's Law Dictionary (8th ed. 2004).  Accordingly, Plaintiff's
13 instant Motion, by which he seeks to exclude from consideration
14 Section 14 of the Harsco/Union Pacific contract is premature.
15 Until trial is imminent, this Court simply cannot accurately
16 judge the context in which the agreement may be offered.
17 Accordingly, Plaintiff's Motion is denied without prejudice.

19      **3.    Plaintiff's Motion for Judicial Notice**

21     Finally, Plaintiff asks the Court to take judicial notice of
22 the Consumer Price Index.  While it is possible that this
23 information may be relevant to damages at some future stage in
24 litigation, no damages are currently before the Court.
25 Accordingly, it would be premature to take notice of any alleged
26 measure of inflation.  Thus, Plaintiff's Motion is denied without
27 prejudice.
28 ///

**CONCLUSION**

For the reasons just stated, Plaintiff's Motion for Summary Judgment (Docket No. 49), Motion in Limine (Docket No. 57), and Motion for the Court to Take Judicial Notice of the Consumer Price Index (Docket No. 53) are DENIED without prejudice.[1]

IT IS SO ORDERED.

Dated: September 17, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

7